IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION
_____

| | |
|---|---|
| MIKE PARSONS, | |
| Plaintiff, | |
| vs. | No. 09-2437-JDT/tmp |
| MIKE DUNAVANT, et al., | |
| Defendants. | |

_____

ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS
(DOCKET ENTRY 2)
ORDER OF DISMISSAL
ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH
AND
NOTICE OF APPELLATE FILING FEE
_____

On July 8, 2009, Plaintiff Mike Parsons, a resident of Arlington, Tennessee, filed a complaint under 42 U.S.C. § 1983, along with a motion to proceed in forma pauperis. The motion to proceed in forma pauperis is GRANTED. The Clerk of Court shall file the case and record Defendants as Mike Dunavant and Neil Oldum.[1]

I.  Analysis of Plaintiff's Claims

Plaintiff Parsons sues District Attorney Mike Dunavant and Assistant District Attorney Neal Oldham. The allegations of the complaint consist, in pertinent part, of the following:

> On or about July 8, 2008, District Attorney for the twenty fifth judicial district, Mike Dunavant, his assistant Neal Oldham and others did conspire to deprive Mike Parsons of his liberty by falsely presenting to the Grand Jury and or

---

[1] Plaintiff also named John and Jane Does 1-99 as Defendants. Service of process cannot be made on a fictitious party. The filing of a complaint against "John Doe" defendants does not toll the running of the statute of limitation against those parties. See Cox v. Treadway, 75 F.3d 230, 240 (6th Cir. 1996); Bufalino v. Michigan Bell Telephone Co., 404 F.2d 1023, 1028 (6th Cir. 1968).

otherwise cause the indictment of Mr. Parsons various charges in an effort to cause him to be arrested, force to pay a bond and face imprisonment. Proof would show the defendants did conspire with malice and forethought, intentionally and malicious act against Mr. Parsons.

Plaintiff seeks punitive and compensatory damages.

Plaintiff's complaint is a pro se complaint subject to screening under 28 U.S.C. § 1915(e)(2), which provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that-
> (A) the allegation of poverty is untrue; or
> (B) the action or appeal-
>   (i) is frivolous or malicious;
>   (ii) fails to state a claim on which relief may be granted; or
>   (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2); see also 28 U.S.C. § 1915A(b). Plaintiff's complaint is subject to dismissal in its entirety.

Plaintiff has no claim under 42 U.S.C. § 1983 against the District Attorney or Assistant District Attorney for the manner in which he is being or was prosecuted. Those defendants' actions in initiating Plaintiff's prosecution and in presenting the State's case are court-related activities, for which prosecutors are protected by absolute immunity. See Burns v. Reed, 500 U.S. 478, 490-492 (1991); Imbler v. Pachtman, 424 U.S. 409, 427-28 (1976); Grant v. Hollenbach, 870 F.2d 1135, 1137 (6th Cir. 1989); Jones v. Shankland, 800 F.2d 77, 80 (6th Cir. 1986).

The Court therefore DISMISSES the complaint in its entirety, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and (iii) and 1915A(b)(1), for failure to state a claim on which relief may be granted and seeking monetary relief from defendants who are immune.

II. Appeal Issues

Twenty-eight U.S.C. § 1915(a)(3) provides that an appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith. The good faith standard is an objective one. Coppedge v. United States, 369 U.S. 438, 445 (1962). It

would be inconsistent for a district court to determine that a complaint fails to state a claim upon which relief may be granted, but has sufficient merit to support an appeal in forma pauperis. See Williams v. Kullman, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983). Thus, the same considerations that lead the Court to dismiss this case for failure to state a claim also compel the conclusion that an appeal would be frivolous.

It is therefore CERTIFIED, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal in this matter by Plaintiff would not be taken in good faith, and Plaintiff may not proceed on appeal in forma pauperis.

The decisions in McGore v. Wrigglesworth, 114 F.3d 601, 612-13 (6th Cir. 1997) and Callihan v. Schneider, 178 F.3d 800 (6th Cir. 1999) apply to any appeal filed by Plaintiff in this case. If Plaintiff files a notice of appeal, he must pay the entire $455 filing fee required by 28 U.S.C. §§ 1913 and 1917,[2] or attempt to renew his request for leave to appeal in forma pauperis by filing "within thirty days after service of the district court's decision as prescribed by Fed. R. App. P. 24(a)(4), a motion with [the Sixth Circuit] for leave to proceed as a pauper on appeal." Callihan, 178 F.3d at 803. Under Callihan, if Plaintiff does not file the required motion or pay the filing fee within this thirty-day period, the appeal will be dismissed for want of prosecution. If the appeal is dismissed, it will not be reinstated once the fee is paid. Id. at 804.

IT IS SO ORDERED.

                                         s/ **James D. Todd**
                                         JAMES D. TODD
                                         UNITED STATES DISTRICT JUDGE

---

[2] The fee for docketing an appeal is $450. See Judicial Conference Schedule of Fees, ¶ 1, Note following 28 U.S.C. § 1913. Under 28 U.S.C. § 1917, a district court also charges a $5 fee:

> Upon the filing of any separate or joint notice of appeal or application for appeal or upon the receipt of any order allowing, or notice of the allowance of, an appeal or of a writ of certiorari $5 shall be paid to the Clerk of the district court, by the appellant or petitioner.